UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
JOHN R. DUFFY,                              :
                                            :
          Petitioner,                    :
                                            :
    v.                                     :
                                            :
LEGAL AID SOCIETY,                          :
                                            :
          Respondent.                    :
------------------------------------------------------ x

U.S.D.C. S.D.N.Y.
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 12, 2013

12 Civ. 2152 (PAC)

**MEMORANDUM OPINION
AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

      On March 9, 2012, *pro se* petitioner John R. Duffy ("Petitioner") initiated this action in New York State Supreme Court pursuant to Article 75 of the New York Civil Practice Law and Rules ("CPLR") seeking to vacate a January 30, 2012 arbitration decision issued by Arbitrator Daniel F. Brent in the matter of Legal Aid Society v. 1199 SEIU, United Healthcare Workers East (AAA Case No. 13 300 03078 10). (Verified Pet., ECF No. 7-2; Pet'r's Mem. in Opp'n ("Opp'n"), ECF No. 14.)  On March 23, 2012, Respondent Legal Aid Society ("Respondent") removed the action to this Court pursuant to 28 U.S.C. § 1441. (ECF No. 1.)  Respondent now moves to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) For the following reasons, Respondent's motion is GRANTED.

## BACKGROUND

      The relevant facts here are not in dispute.  Prior to the termination giving rise to this action, Petitioner was employed as a paralegal for Respondent for over thirty years.  On April 24, 2008, Respondent terminated Petitioner's employment for allegedly lying during an investigation into allegations of sexual harassment of a female co-worker, abuse of Respondent's email and internet systems, and for accessing inappropriate websites on his employer's computers during

work hours.  (Award of Arbitrator at 3(Oct. 17, 2008) (the "2008 Arbitration Decision"), Jacoby Decl. Ex. 3, ECF No. 7-3.)  Petitioner's termination was challenged by his union (1199 SEIU, United Healthcare Workers East ("Local 1199")) and the matter was submitted to arbitration.  (Id.)  Arbitrator Brent did not find just cause for Petitioner's termination and reinstated him to his former position without back pay and placed him on two years' probation.  (Id. at 14–15.)  In his decision, Arbitrator Brent stated that "[Petitioner] has been unequivocally apprised by the Employer, and by the Arbitrator in this Award and Opinion, that his behavior regarding . . . female co-workers must not recur.  He flouts this admonition at his peril."  (Id. at 16.)

Respondent again terminated Petitioner in 2010 following allegations that he entered the office of a female co-worker, kissed her cheek, and provided "his home address and telephone number with an explicit invitation to come visit him at any time to party."  (Award of Arbitrator at 3–4 (Jan. 30, 2012) (the "2012 Arbitration Decision"), Jacoby Decl. Ex. 2, ECF No. 7-2.)  Local 1199 challenged this termination as well and the matter was submitted to arbitration.  (Id. at 5.)  Arbitrator Brent found that the co-worker immediately reported the incident to her supervisor and credited her version of the events at issue.  (Id. at 6–7.)  Arbitrator Brent also placed emphasis on Petitioner's admission that he entered his co-worker's office and after a brief discussion kissed her.  (Id. at 3, 7.) In his decision, Arbitrator Brent found that Petitioner's discharge was proper, stating:

> If this uninvited kiss had been the first and only instance of such misconduct by [Petitioner], then a penalty short of discharge would be appropriate.  However, in view of the clear and unambiguous language of the prior arbitration award, the Employer reasonably concluded that [Petitioner] violated the standard he was obligated to observe and that his continued presence in this work place posed an unacceptable risk of recidivism creating liability for the Employer. . . . Therefore, based on the evidence submitted, particularly on [Petitioner's] own testimony and admissions, there was just cause for the discharge of [Petitioner].  (Id. at 8, 10.)

2

On March 9, 2012 Petitioner initiated his Article 75 action in New York State Supreme Court to vacate the 2012 Arbitration Decision. Petitioner moved pursuant to Section 7511 of the CPLR on the grounds that his rights were "prejudiced by corruption, fraud, or misconduct in procuring the award." (ECF No. 7-1 at 1.) See N.Y. C.P.L.R. § 7511(b)(1)(i). Petitioner alleges that Respondent and the alleged target of Petitioner's behavior committed perjury and conspired to commit perjury during the Arbitration hearing. (ECF No. 7-1 at 2; see Verified Pet. at 10, 11, 13.) Further, Petitioner argues that the 2012 Arbitration Decision should be vacated because it is "confusing and contradictory." (ECF No. 7-1 at 2; see generally Verified Pet.; Opp'n.)

## ANALYSIS

### I. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In deciding such a motion, the Court must accept as true all well-pleaded factual allegations made in the complaint and draw all reasonable inferences in favor of the plaintiff. See Lobaito v. Chase Bank, No. 11 Civ. 6883 (PGG), 2012 WL 3104926, at *1 (S.D.N.Y. Jul. 31, 2012). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, that plaintiff relied on in bringing suit, and that are either in the plaintiff's possession or that plaintiff knew of when bringing suit. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

Because Petitioner is proceeding *pro se*, the Court reads his papers liberally and construes his filings to raise the strongest arguments that they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## II.     SUBJECT MATTER JURISDICTION AND STANDING

Petitioner contests federal jurisdiction over his petition.[1] (See Opp'n at 3–4.) Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, provides subject matter jurisdication for an action to vacate an arbitration award. Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir. 1995) (per curiam). Since the Court has jurisdiction pursuant to the LMRA, the petition is considered under the Federal Arbitration Act ("FAA"). See, e.g., Said v. OneSource, Inc., No. 06 Civ. 4619 (LTS), 2006 WL 3375371, at *2 (S.D.N.Y. Nov. 15, 2006); Velasco v. Beth Israel Med. Ctr., 279 Supp. 2d 333, 335–36 (S.D.N.Y. 2003). See Fairfield Towers v. Fishman, No. 02 Civ. 6402 (RMB), 2003 WL 21738976, at *2 n.1 (S.D.N.Y. July 28, 2003) ("The outcome of this dispute would be the same if the Court were to apply the FAA or New York's Civil Practice Law and Rules.").

Generally, individual employees represented by a union do not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties. Katir v. Columbia Univ., 15 F.3d 23, 24–25 (2d Cir. 1994) (per curiam). However, "[t]he Supreme Court created a hybrid [S]ection 301-fair representation claim in order to give an employee-plaintiff standing to attempt to vacate an arbitration award." Nicholls v. Brookdale Univ. Hosp. & Med. Ctr., 204 F. App'x 40, 41 (2d Cir. 2006) (summary order) (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164–65 (1983)).

To pursue such a claim, an employee must assert both "(1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-à-vis the union members." White v. White Rose Food, 237 F.3d 174, 178 (2d Cir. 2001)

---

[1] Petitioner also incorrectly contends that removal was untimely because it was not within thirty days of the underlying arbitration decision. (Opp'n at 2–4.) Not only is it clear that removal is timely if filed within thirty days of receipt by the defendant of *the initial state court pleading*, see 28 U.S.C. § 1446(b), but prior to Petitioner's filing in state court, there was nothing for Respondent to remove.

(citations omitted); see Bishop v. Hotel & Allied Services Union Local 758, No. 04 Civ. 10074 (CSH), 2008 WL 136362, at *3 (S.D.N.Y. Jan. 14, 2008) (citations omitted) ("If there is no claim that the union breached its duty of fair representation, an individual employee represented by a union generally does not have standing[.]").

Petitioner cannot satisfy either of these requirements. Respondent and Local 1199 were the only parties to the 2012 arbitration proceedings. (See 2012 Arbitration Decision.) In addition, Petitioner does not dispute that his employment was subject to a collective bargaining agreement. Yet Petitioner advances no argument related to the union's representation; a liberal and lenient reading of his filings reveals no discernible claim against the union for breach of its duty of fair representation. Accordingly, under the appropriate applicable standards, the Court finds that Petitioner lacks standing to challenge the 2012 Arbitration Decision.

## II.   FEDERAL COURT REVIEW OF AN ARBITRATION AWARD

Even if Petitioner had standing to pursue his claims, the Court would not set aside the 2012 Arbitration Decision. "The role of a district court in reviewing an arbitral award is 'narrowly limited,' and 'arbitration panel determinations are generally accorded great deference under the FAA.'" Dolan v. ARC Mech. Corp., No. 11 Civ. 09691 (PAC), 2012 WL 4928908, at *2 (S.D.N.Y. Oct. 17, 2012) (quoting Agility Pub. Warehousing Co. K.S.C. v. Supreme Foodservice GmbH, 840 F. Supp. 2d 703, 710 (S.D.N.Y. 2011)). "A motion to vacate filed in a federal court is not an occasion for *de novo* review of an arbitral award." Id. at *2 (quoting Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004)). Petitioner "bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." Id. (quotations omitted); see D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006).

Section 10(a) of the FAA states that the Court may vacate an arbitration award only for "corruption, fraud, or undue means in procurement of the award; evident partiality or corruption in the arbitrators; specified misconduct on the arbitrators' part; or where the arbitrators exceeded their powers." Dolan, 2012 WL 4928908, at *3 (quoting Jock v. Sterling Jewelers Inc., 646 F.3d 113, 121 (2d Cir. 2011)); see 9 U.S.C. § 10(a). In addition to the four statutory bases, the Court may on rare occasion "vacate an arbitration award if it finds a panel has acted in manifest disregard of the law." Dolan, 2012 WL 4928908, at *5 (quotations and alterations omitted). To vacate an arbitration award on the basis of manifest disregard of the law, the Court must find (1) that "the governing law alleged to have been ignored by the arbitrator was well defined, explicit, and clearly applicable," and (2) that "the arbitrator knew about the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it." Id. (quotations and alterations omitted).

### III.   DUFFY'S PETITION

Petitioner's arguments for vacating the 2012 Arbitration Decision do not sufficiently assert, even when construed liberally, any recognized ground for vacatur. Petitioner claims that the 2012 Arbitration Decision was "confusing and contradictory" because Petitioner believes it incorrectly interprets the 2008 Arbitration Decision, and argues that the Arbitrator contradicted and ignored the 2008 Arbitration Decision, and by doing so, disregarded the law. (Opp'n at 8–10.) At their core, however, Petitioner's arguments are based entirely on disagreements with Arbitrator Brent's factual findings and perceived inconsistencies in the arbitration decisions.

Petitioner quotes from the 2012 Arbitration Decision that he "was admonished unequivocally not to engage in any amorous interaction with female co-workers." (Id. at 9.) Petitioner claims this language is contradictory because it did not appear in the 2008 Arbitration

6

Decision. The 2008 Arbitration Decision stated that Petitioner was "admonished in the strongest possible terms to control his romantic inclinations regarding co-workers who are employed by [Respondent]," that such behavior "must not recur," and that "[h]e flouts this admonition at his peril." (2008 Arbitration Decision at 15–16.) Although these statements may utilize different words, they clearly convey the same meaning and are not contradictory.

The petition is littered with assertions that the underlying incident with Petitioner's co-worker and subsequent events unfolded one way rather than another. These details are irrelevant for present purposes. It is the arbitrator's duty to make determinations of fact and assess witness testimony, and given the limited scope of review of arbitration awards, "[a] federal court may not conduct a reassessment of the evidentiary record." Wallace, 378 F.3d at 193; see Dolan, 2012 WL 4928908, at *5 (noting that "an arbitration award should be enforced, even despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached" (quoting Rich v. Spartis, 516 F.3d 75, 81 (2d Cir. 2008)).

The Court construes Petitioner's allegations regarding the perjury of arbitration witnesses to argue that the 2012 Arbitration Decision was procured by fraud, a grounds for vacatur under Section 10(a) of the FAA. (E.g., Opp'n at 12.) See 9 U.S.C. § 10(a)(1). However, the mere fact that a witness's testimony is contrary to Petitioner's version of events does not establish that the award was procured by fraud. See Dean v. Painewebber Inc., No. 92 Civ. 3846 (RPP), 1992 WL 309606, at *1 (S.D.N.Y. Oct. 14, 1992). For an award to be vacated on the grounds that it was procured by fraud:

> (1) the perjury must be established by clear and convincing evidence, (2) petitioner must establish that the allegedly perjured testimony materially related to an issue in the arbitration and was credited by the arbitrator, thus depriving him of a fair hearing, and (3) it must be shown that the fraud could not have been discovered upon the evidence of due diligence prior to or during the arbitration.

7

Red Apple Supermarkets/Supermarkets Acquisitions v. Local 338, RWDSU, No. 98 Civ. 2303 (LMM), 1999 WL 596273, at *6 (S.D.N.Y. Aug. 9, 1999) (citations omitted). Petitioner has only put forth conclusory allegations regarding the alleged perjury, which (at best) are supported only by his asserted version of the facts, and has failed to plausibly allege that the 2012 Arbitration Decision was procured by fraud.

To the extent the petition is construed as arguing that the 2012 Arbitration Decision should be vacated based on manifest disregard of the evidence, this argument is denied because it is not a proper ground upon which to vacate an arbitration award. See Dolan, 2012 WL 4928908, at *5. An arbitration award will stand "[i]f a ground for the arbitrator's decision can be inferred from the facts of the case . . . ." Id. In this case, Arbitrator Brent weighed the facts and testimony before him, considered the 2008 Arbitration Decision, and delivered an arbitration award that can clearly be inferred from the facts of the case.

## CONCLUSION

For the foregoing reasons, the petition to vacate the arbitration award dated January 30, 2012 is DENIED. The Clerk of the Court is directed to terminate docket number 5 and enter judgment in favor of Respondent.

Dated: New York, New York
       February 12, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies mailed by chambers to:
Mr. John R. Duffy
83-60 118th Street, 5C
Kew Gardens, NY 11415